IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DR. RAYMOND W. MORGAN,**<br><br>                    **Plaintiff,**<br>**v.**<br>**OPTIV SECURITY INC.,**<br><br>                    **Defendant.** | **Civil Action No.:** _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Optiv Security Inc., ("Optiv") hereby gives notice of removal of this action, which is currently pending in the Superior Court of Massachusetts in Bristol County, to the United States District Court for the District of Massachusetts. As grounds for removal, Optiv states as follows:

1.    Optiv removes this case on the basis of diversity jurisdiction because there is complete diversity of citizenship among the parties to this litigation – Optiv and Plaintiff Dr. Raymond W. Morgan ("Plaintiff") – and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

2.    Alternatively, Optiv removes this case pursuant to 28 U.S.C. § 1441(c) as Plaintiff's Count VII alleges that Optiv's actions violated the "ADA." Optiv presumes Plaintiff to be asserting a claim under the Americans with Disabilities Act 42 U.S.C. §12101 et. seq.

## BACKGROUND

3. Plaintiff commenced this action against Optiv by filing a Complaint in the Superior Court of Massachusetts in Bristol County on or about July 26, 2024, under Case No. 2473CV00530, however Plaintiff never effectuated service on Optiv.

4. Plaintiff filed his amended complaint against Optiv in the Superior Court of Massachusetts in Bristol County, on or about September 9, 2024, under Case No. 2473CV00530.

5. On September 30, 2024, Optiv received a copy of Plaintiff's Amended Complaint and accompanying Summons. True and correct copies of the Summons and Complaint served on Optiv on September 30, 2024, are attached hereto as **Exhibit 1**.

6. In the Amended Complaint, Plaintiff asserts seven claims against Optiv arising out of alleged employment discrimination. In Count I of the Amended Complaint, Plaintiff alleges that Optiv discriminated against Plaintiff on the basis of his age in violation of M.G.L. Section 151B. In Count II of the Amended Complaint, Plaintiff alleges that Optiv subjected Plaintiff to a hostile work environment on the basis of his age in violation of M.G.L. 151B. In Count III of the Amended Complaint, Plaintiff alleges that Optiv retaliated against Plaintiff for engaging in alleged protective activity in violation of M.G.L. 151B. In Count IV of the Amended Complaint, Plaintiff alleges that Optiv discriminated against Plaintiff on the basis of his national origin in violation of M.G.L. 151B. In Count V of the Amended Complaint, Plaintiff alleges that Optiv subjected Plaintiff to a hostile work environment on the basis of his national origin in violation of M.G.L. 151B. In Count VI of the Amended Complaint, Plaintiff alleges that Optiv retaliated against Plaintiff after Plaintiff allegedly complained of discrimination on the basis of his national origin in violation of M.G.L. 151B. In Count VII of the Amended Complaint, Plaintiff alleges that Optiv discriminated against Plaintiff on the basis of an alleged handicap/disability in violation of M.G.L. 151B and the "ADA."

7. In Count VII of the Amended Complaint, Plaintiff specifically alleges that Plaintiff's actions "demonstrate violations of the Fair Employment Practice Act, M.G.L. c. 151B *and ADA*." Exhibit 1 Paragraph 53.

## TIMELINESS OF REMOVAL

8. This Notice of Removal is timely in that it is filed within 30 days from the date Optiv first received a copy of the Summons and Amended Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons...").

## DIVERSITY OF CITIZENSHIP

9. Complete diversity of citizenship exists in this matter.

10. Plaintiff alleges that he is a resident of the Commonwealth of Massachusetts. *See* Exhibit 1 at ¶¶ 1-2.

11. Optiv is incorporated under the laws of Delaware and maintains a principal place of business in Colorado. Therefore, Optiv is a citizen of Delaware and Colorado. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Optiv is not, and was not at the time of the filing of the Amended Complaint, a citizen of the Commonwealth of Massachusetts within the meaning of 28 U.S.C. § 1332(c)(1).

## AMOUNT IN CONTROVERSY

12. When filing the Amended Complaint, Plaintiff's counsel completed the "Statement of Damages Required by G.L. c. 212 §3A." *See* Exhibit 1.

13. Under the Statement of Damages Plaintiff's itemized damages total $457,642.08. *See* Exhibit 1. Such amount clearly exceeds the statutory minimum of $75,000 under 28 U.S.C. § 1332(a)(1).

## **FEDERAL QUESTION**

14. Count VII of Plaintiff's Amended Complaint alleges that Optiv:

> discriminat[ed] against Plaintiff on the basis of handicap/ disability . . . by its failure to reasonably accommodate this handicap, its perception of Plaintiff and regarding him as being disabled/handicapped, the hostile work environment and the employer's failure to reasonably accommodate by allowing Plaintiff to continue to work in the position without the dictation software accommodations that he requested.

*See* Exhibit 1 Paragraph 53.

15. Plaintiff further alleges that the alleged actions "all demonstrate violations of the Fair Employment Practice Act, M.G.L. c. 151B *and ADA*." (emphasis added).

16. It appears to Optiv that Plaintiff either in whole or in part is bringing a discrimination claim under the laws of the United States by alleging that Optiv violated the "ADA."

17. The Americans with Disabilities Act is a law of the United States that can be found at 42 U.S.C. §12101 et. seq.

18. Since Plaintiff is alleging violations of the law of the United States this action may be removed pursuant to 28 U.S.C. § 1441(c).

## **ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

19. Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), Optiv is filing this Notice of Removal in the federal district court embracing the state court where the Plaintiff's Complaint was filed.

20. Beyond the Summons and Complaint, no other process, pleadings or orders have been served upon Optiv. *See* 28 U.S.C. § 1446(a).

21. Optiv will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Court for the Superior Court of Massachusetts in Bristol County, as required by 28 U.S.C. § 1446(d).

22. Based upon the foregoing, this Court has jurisdiction over this matter, and the claims properly are removed to this Court.

**WHEREFORE**, Optiv respectfully requests that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

OPTIV SECURITY, INC.

By its attorneys,

By: */s/ M. Lawrence Oliverio*
M. Lawrence Oliverio (BBO No. 378755)
loliverio@polsinelli.com
POLSINELLI PC
One International Place, Suite 3900
Boston, MA 02110
617-406-0335
Fax: 617-406-0336


Dated October 18, 2024

**CERTIFICATE OF SERVICE**

      In accordance with Local Rule 5.2(b), I, M. Lawrence Oliverio, hereby certify that this document filed through the ECF system on October 18, 2024, will be sent electronically to the registered participants as identified below and on the Notice of Electronic Filing. A copy will also be forwarded via first class mail:

    Mary Ann E. Rousseau, Esq.
    38 Rock Street, Suite 28
    Fall River, MA 02720
    508-676-7141
    ATTORNEYS FOR PLAINTIFF

                                            */s/ M. Lawrence Oliverio*
                                            M. Lawrence Oliverio

## **Exhibit 1**

029127\793224\99041511.1